**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

CAUSE OF ACTION INSTITUTE  )
1310 North Courthouse Road, Suite 700  )
Arlington, VA 22201,  )
       )
      Plaintiff,  )
       )
      v.  )     Civil Action No. 20-0997
       )
U.S. DEPARTMENT OF VETERANS AFFAIRS  )
810 Vermont Avenue, N.W.  )
Washington, D.C. 20420,  )
       )
      Defendant.  )

---

## COMPLAINT

1.     Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to agency records maintained by Defendant Department of Veterans Affairs ("VA") by and through its various components, including the Veterans Health Administration ("VHA").

2.     The records at issue in this case concern recent pilot studies undertaken in preparation for the Market Area Health System Optimization Project, which is part of a national plan to improve the delivery of healthcare to American veterans.

3.     Defendant VA has failed to respond in a timely manner to CoA Institute's January 16, 2019 FOIA request.  It has accordingly withheld agency records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## JURISDICTION AND VENUE

4.     Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.     Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6.     Plaintiff CoA Institute is a 501(c)(3) non-profit strategic oversight group advocating for economic freedom and individual opportunity advanced by honest, accountable, and limited government.  In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability.  CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices—including the VA—and disseminates its findings, analysis, and commentary to the public.

7.     Defendant VA is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Defendant, by and through its various components, has possession, custody, and/or control of agency records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

8.     On or around January 16, 2019, CoA Institute submitted a FOIA request to Defendant, seeking access to "[a]ll records, including but not limited to email communications and reports, relating to the results of The Pilot Study Contract (VA Contract No. VA101F-17-C-2843)."  Ex. 1 at 1.  CoA Institute clarified that the scope of its request included "any information produced by [Defendant] or provided by the contractor conducting the pilot studies, which were designed to define processes and outputs for an 'ideal healthcare delivery system.'"  *Id.*

9.     CoA Institute indicated that the time period for its request was "December 6, 2016 to the present."  *Id.*; *see id.* at 1 n.3 (defining "present" as "the date on which the agency begins its search for responsive records").

10.     For purposes of its request, CoA Institute defined the term "record" as the "entirety of the record any portion of which contains responsive information."  *Id.* at 1 n.3.

11.     CoA Institute requested a public interest fee waiver and classification as a representative of the news media for fee purposes.  *Id.* at 1–3.

12.     By email, dated February 15, 2019, Defendant, by and through its Office of Acquisition and Logistics Contracting – Procurement Policy Services ("OAL"), provided an "Initial Agency Decision."  Ex. 2 at 1.  OAL explained it had received CoA Institute's request on January 25, 2019 and assigned it tracking number 19-03374-F.  *Id.*

13.     OAL further explained that it conducted a search and "did not locate any records under [its] oversight."  *Id.*  Nevertheless, OAL attached a single record to its response.  Ex. 3.

14.     OAL did not issue any determinations on CoA Institute's fee-related requests.

15.     As part of its "Initial Agency Decision," OAL referred CoA Institute's FOIA request to the Office of Construction Facility and Management ("CFM") for further processing and direct response.  Ex. 2 at 1.

16.     By email, dated February 28, 2019, a FOIA officer at CFM explained that CoA Institute's request did "not fall under the purview of this office" and had been "transferred" to the Veterans Health Administration ("VHA"), which would provide a "final response."  Ex. 4 at 2.

17.     VHA issued a formal acknowledgement letter on or around March 15, 2019.  Ex. 5.  VHA indicated that it had already received a copy of CoA Institute's FOIA request on February 26, 2019 and assigned it tracking number 19-05023-F.  *Id.* at 1; *see id.* ("[T]herefore, we are [administratively] closing 19-03374-F as a duplicate.").

18.     By email, dated June 27, 2019, a FOIA officer at VHA explained that she was "still in the process of conducting the record search and . . . awaiting on [a] response from one program office."  Ex. 4 at 1.

19.     By email, dated April 14, 2020, the same FOIA officer provided another update on the processing of CoA Institute's request, indicating that it was thirty-fifth in the processing queue with an estimated date of completion at "the end of calendar year 2020[.]"  Ex. 6.

20.     To date, CoA Institute has not received any interim or final response or production of responsive records.

21.     Defendant has not previously sought clarification of CoA Institute's FOIA request and has not requested that CoA Institute narrow the scope of its request.

22.     Defendant has not issued determinations on CoA Institute's fee-related requests.

23.     Approximately fifteen months have passed since the submission of CoA Institute's FOIA request.

## CLAIM ONE

### Violation of the FOIA: Failure to Comply with Statutory Requirements

24.     CoA Institute repeats all of the above paragraphs.

25.     The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records" and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

26.     The FOIA also requires an agency to respond to valid requests within twenty business days or, in "unusual circumstances," within thirty business days.  *Id.* § 552(a)(6)(A)(i), (a)(6)(B)(i).  If an agency requires additional time, the FOIA mandates that it provide the requester "an opportunity to arrange . . . an alternative time frame for processing[.]"  *Id.* § 552(a)(6)(B)(ii).

27.     The FOIA request at issue here seeks access to agency records maintained by Defendant, reasonably describes the records sought, and otherwise complies with the FOIA and Defendant's applicable regulations.

4

28.     Defendant has failed to issue a final determination or produce responsive records within applicable time limits.

29.     Defendant also has failed to comply with the FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to CoA Institute's request, has not invited CoA Institute to negotiate an "alternative" response deadline, and has not sought clarification on the scope of CoA Institute's request.

30.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.     Order Defendant to process CoA Institute's FOIA request and issue a final determination within twenty business days of the date of the Order;

b.     Order Defendant to produce all records promptly upon issuing its final determination;

c.     Maintain jurisdiction over this case under Defendant complies with the Order and, if applicable, adequately justifies its treatment of all responsive records;

d.     Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.     Grant such other relief as the Court may deem just and proper.

//

//

//

Dated: April 16, 2020

Respectfully submitted,

_/s/ Ryan P. Mulvey_
Ryan P. Mulvey
D.C. Bar No. 1024362

CAUSE OF ACTION INSTITUTE
1310 North Courthouse Road, Suite 700
Arlington, VA 22201
Telephone: (571) 444-2841
ryan.mulvey@causeofaction.org

_Counsel for Plaintiff CoA Institute_